IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIO SOKOLICH, M.D.,

      Plaintiff,

v.                                                  Case No. 14-338

PRESBYTERIAN HEALTHCARE SERVICES,
JAYNE MCCORMICK, M.D., JOHN
LILJESTRAND, M.D., and CHRISTINA VIGIL,

      Defendants.

## NOTICE OF REMOVAL

Defendant Presbyterian Healthcare Services ("Presbyterian") hereby removes this lawsuit to the United States District Court for the District of New Mexico and as grounds therefore states as follows:

1. Plaintiff Julio Sokolich, M.D. commenced this action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Civil Action No. D-202-CV-2013-05662, by the filing of a Verified Complaint for Injunctive Relief on July 10, 2013 ("Original Complaint"). Copies of all[1] pleadings filed in that action are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Plaintiff's Original Complaint raised claims for injunctive relief pursuant to the New Mexico Unfair Practices Act, common law, and the Health Care Quality Improvement Act ("HCQIA"). *See* Original Complaint, Ex. A. With the Original Complaint, Plaintiff filed an Application for Temporary Restraining Order and Preliminary Injunction ("TRO") arising from Presbyterian's alleged violations of the New Mexico Unfair Practices Act and Presbyterian's

---

[1] Certain exhibits were ordered to be filed under seal by the state district court, and will be filed under seal in this Court upon entry of an order permitting the same. *See* Order Sealing Exhibits and Denying Julio Sokolich M.D.'s Application for Temporary Restraining Order and Preliminary Injunction, Ex. A.

bylaws.  *See* TRO, Ex. A.  Neither Plaintiff's Original Complaint nor his motion for TRO stated claims arising under federal law.[2]

3. The state district court judge denied Plaintiff's TRO on July 23, 2013.  *See* Order Sealing Exhibits and Denying Julio Sokolich M.D.'s Application for Temporary Restraining Order and Preliminary Injunction, Ex. A.  In response to Presbyterian's Motion to Dismiss Plaintiff's Original Complaint, the court dismissed Plaintiff's HCQIA claim, granted Plaintiff leave to file an amended complaint, and stayed the case.  *See* Order Granting in Part and Denying in Part Def.'s Motion to Dismiss and Granting Pl. Leave to File an Am. Compl., Ex. A.

4. On March 11, 2014, Plaintiff filed his First Amended Complaint for Violations of the New Mexico Unfair Practices Act, Breach of Contract, Intentional Interference with Contractual Relations, Defamation, Antitrust Violations, Prima Facie Tort, Civil Conspiracy and Punitive Damages ("Amended Complaint").  *See* Am. Compl., Ex. A.  Count V of Plaintiff's Amended Complaint is titled "Antitrust Violations (All Defendants)" and states that "Defendants' conduct violates the New Mexico Antitrust Act and/or the federal Clayton Antitrust Act."  *See* Am. Compl. at ¶ 192, Ex. A (emphasis added).

5. Presbyterian is the only defendant who has been properly joined and served,[3] and has filed this Notice of Removal within 30 days of receiving Plaintiff's Amended Complaint – the first pleading in which Plaintiff pled a federal cause of action.  *See* 28 U.S.C. § 1446(b).  The state court in which this action was commenced is within this Court's district.  As set forth below, this Court has federal question jurisdiction over the subject matter of the Amended

---

[2] Although Count III of Plaintiff's Original Complaint purports to be a claim for violations of the HCQIA, a federal statute, the Tenth Circuit ruled that no such private right of action exists under the HCQIA, and such a claim cannot therefore form a basis for federal question jurisdiction.  *See Hancock v. Blue Cross-Blue Shield of Kansas*, 21 F.3d 373, (10th Cir. 1994).  Consequently, Plaintiff's HCQIA claim has since been dismissed with prejudice.  *See* Order Granting in Part and Denying in Part Def.'s Motion to Dismiss and Granting Pl. Leave to File an Am. Compl., Ex. A.

[3] As of the date of this filing, Plaintiff has yet to serve named defendants Jayne McCormick, M.D., John Liljestrand, M.D., and Christina Vigil.

Complaint, which is therefore properly removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

6. In Plaintiff's Amended Complaint, Plaintiff alleges that Defendants knowingly acted and/or conspired in a manner to exclude Plaintiff from the marketplace to profit themselves and affiliated businesses, thereby injuring Plaintiff and affecting interstate commerce in violation of the New Mexico Antitrust Act and/or the federal Clayton Antitrust Act. *See* Am. Compl. at ¶¶ 185-192, Ex. A.

7. The Clayton Antitrust Act, 15 U.S.C. § 12 et seq. is a federal statute. Accordingly, Plaintiff asserts claims arising under the laws of the United States, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This case is therefore removable under 28 U.S.C. § 1441(a).

8. Moreover, the Clayton Antitrust Act claim not only confers federal question jurisdiction on this Court but it also requires it because "[i]t is clearly established that 15 U.S.C.A. § 15 gives federal courts exclusive jurisdiction over federal anti-trust actions" and state courts therefore lack subject matter jurisdiction over claims under the Clayton Antitrust Act. *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30 (8th Cir. Mo. 1964) (citing *Blumenstock Bros. Advertising Agency v. Curtis Pub. Co.*, 252 U.S. 436, 440, 40 S. Ct. 385, 64 L. Ed. 649 (1920); *General Inv. Co. v. Lakeshare & Michigan So. Ry.*, 260 U.S. 261, 286, 43 S. Ct. 106, 67 L. Ed. 244).

9. Furthermore, because Plaintiff's Clayton Antitrust Act claim against Defendants are based on the same facts that underlie Plaintiff's remaining causes of action, this Court has supplemental jurisdiction over the remainder of Plaintiff's Amended Complaint. *See* 28 U.S.C. § 1367(a).

10. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this notice, Presbyterian will give written notice of the filing thereof to Plaintiff and will file a copy of the notice with the Clerk of the Second Judicial District in Bernalillo County, New Mexico, from which this action was removed.

WHEREFORE, Presbyterian respectfully removes this action from state court into this Court for trial and determination.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By        /s/ Krystle A. Thomas – electronically filed
    Bruce Hall
    Krystle A. Thomas
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
*Attorneys for Defendant Presbyterian Healthcare Services*

### CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2014, I filed the foregoing pleading electronically through the Court's CM/ECF system and served all parties or counsel of record by electronic means, as follows:

Steve Gonzales steve@nmbusinesslaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By   /s/ Krystle A. Thomas
    Krystle A. Thomas