FILED IN MY OFFICE
DISTRICT COURT CLERK
7/23/2013 10:30:48 AM
GREGORY T. IRELAND

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

Lourdes Perez

JULIO SOKOLICH, M.D.,

Plaintiff,

v.                                                    Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTHCARE SERVICE,

Defendant.

## ORDER SEALING EXHIBITS AND DENYING JULIO SOKOLICH, M.D.'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

THIS MATTER having come before the Court on Plaintiff Julio Sokolich, M.D.'s Application for Temporary Restraining Order and Preliminary Injunction (the "Application"), the Court having considered the Application, Defendant Presbyterian Healthcare Service's Response to the Application, and having heard the argument of counsel and the testimony of witnesses on July 17, 2013, and being fully advised on the premises, FINDS that Plaintiff's Aplication should be DENIED.

The Court further FINDS that all exhibits presented at the hearing, and all exhibits to Plaintiff's Application, Defendant's Response to the Application, and Plaintiff's Verified Complaint for Injunctive Relief, are confidential and should be SEALED.

IT IS THEREFORE ORDERED that all exhibits to Plaintiff's Verified Complaint for Injunctive Relief are hereby SEALED.

IT IS FURTHER ORDERED that all exhibits to Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction are hereby SEALED.

IT IS FURTHER ORDERED that all exhibits to Defendant's Response to Plaintiff's Application for Temporrary Restraining Order and Preliminary Injuction are hearby SEALED.

IT IS FURTHER ORDERED that all exhibits submitted to the Court in connection with the July 17, 2013, hearing on Plaintiff's Applciation for Temporary Restraining Order and Preliminary Injunction are hereby SEALED.

IT IS FURTHER ORDERED that Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction is DENIED.


C. SHANNON BACON
DISTRICT COURT JUDGE

Submitted:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  /s/ Krystle A. Thomas
      Bruce Hall
      Krystle A. Thomas
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
*Attorneys for Defendant Presbyterian Healthcare Service*


Approved as to form:

GONZALES LAW FIRM, LLC

By  *approval via email 7/22/13*
      Steven Gonzales
1307 Rio Grande Blvd., NW, Suite 8
Albuquerque, NM 87104
(505) 200-2437
*Attorneys for Plaintiff Julio Sokolich, M.D.*

**FILED**
**SECOND JUDICIAL DISTRICT**

1  SECOND JUDICIAL DISTRICT COURT
   COUNTY OF BERNALILLO                    2013 AUG -2  PM 5: 01
2  STATE OF NEW MEXICO

3
                                           *signature*
4      No. D-202-CV-2013-05662

5  JULIO SOKOLICH, M.D.,

6      Plaintiff,

7  vs.

8  PRESBYTERIAN HEALTHCARE SERVICE,

9      Defendant.

10
   CERTIFICATE OF COMPLETION OF NONAPPEAL STENOGRAPHIC RECORD
11

12      I, JANICE J.  MURPHEY, Official Court Reporter for the

13  Second Judicial District Court, DO HEREBY CERTIFY that a

14  Transcript of Proceedings was prepared in the above-entitled

15  case.

16      The PRELIMINARY INJUNCTION Hearing was held this 17th

17  day of July, 2013, before the HONORABLE C. SHANNON BACON,

18  DIVISION XXIII, Judge of the Second Judicial District Court.

19

20

21                         JANICE J.  MURPHEY, CCR, RPR

22

23      Copies of this transcript may be obtained directly from
    Reporter Janice J. Murphey, who may be reached at 841-7568.
24

25

                                                    TR - 162

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/7/2013 9:33:34 AM
GREGORY T. IRELAND
Gwendolen Lindquist

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JULIO SOKOLICH, M.D.,

       Plaintiff,

v.                                        Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTHCARE SERVICE,

       Defendant.

## DEFENDANT'S MOTION TO DISMISS VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Defendant Presbyterian Healthcare Services ("Presbyterian") hereby moves this Court to dismiss Plaintiff Julio Sokolich, M.D.'s Verified Complaint for Injunctive Relief ("Complaint"). As grounds for this Motion, Presbyterian states as follows.

### I. BACKGROUND

This action arises from Presbyterian's precautionary suspension of Plaintiff's clinical privileges on March 26, 2013, a suspension that Defendant continued on April 8, 2013, the merits of which Plaintiff is currently disputing in an administrative proceeding before hearing officer Luis Stelzner. As it was required to do, Presbyterian filed an initial report with the National Practitioner Data Bank ("NPDB") on May 9, 2013, to report the suspension. Presbyterian modified that report on July 1, 2013. Plaintiff filed his Complaint relating to the reports on July 10, 2013, seeking injunctive relief requiring Presbyterian to remove the allegedly false reports and enjoining Presbyterian from making future false statements concerned his privileges.

Plaintiff also filed an Application for Temporary Retraining Order and Preliminary Injunction on July 10, 2013. This Court held a hearing on July 17, 2013, and denied the Application. Since the hearing, Presbyterian has voluntarily voided the modified report and corrected the initial report.

Presbyterian now moves for dismissal of this action on two bases. First, Presbyterian seeks to dismiss Count III – Violation of Healthcare Quality Improvement Act, with prejudice, because the Healthcare Quality Improvement Act ("HCQIA") does not provide Plaintiff with a private right of action. Second, Presbyterian seeks to dismiss the remainder of Plaintiff's Complaint without prejudice for Plaintiff's failure to exhaust his administrative remedies. Dismissing Plaintiff's Complaint without prejudice would allow Plaintiff to properly exhaust his administrative remedies through the U.S. Department of Health and Human Services ("HHS").

## II. STANDARD

"A pleading which sets forth a claim for relief ... shall contain a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 1-008(A)(2) NMRA. If the pleader fails to state a claim upon which relief can be granted, the action shall be dismissed. *See* Rule 1-012(B)(6) NMRA; *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71.

"A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the factual allegations of the pleadings which, for purposes of ruling on the motion, the court must accept as true." *Baldonado v. El Paso Natural Gas Co.*, 2008-NMSC-005, ¶ 6, 143 N.M. 288, 176 P.3d 277 (internal quotation omitted). "The motion may be granted only when it appears the plaintiff cannot be entitled to relief under any state of facts provable under the claim." *Id.* (internal quotation omitted). However, the factual allegations must be "well-pleaded." *Valdez*, 2002-NMSC-028, ¶ 4.

## III. ARGUMENT

### A. Count III Should Be Dismissed With Prejudice Because Plaintiff Has No Private Right of Action Under the HCQIA

Plaintiff's Complaint fails to state a claim for "Violation of Healthcare Quality Improvement Act" because no such private right of action exists. The HCQIA was enacted "to improve the quality of health care and to reduce the number of incompetent physicians . . . through 'effective

2

professional peer review' . . . and the provision of "immunity from damages suits to professional

peer review groups and individuals acting in support of those groups." *Hancock v. Blue Cross-Blue*

*Shield of Kansas, Inc.*, 21 F.3d 373, 374 (10th Cir. 1994) (quoting and citing 42 U.S.C. § 11101 and

11111(a)(1)).  Although the HCQIA requires professional peer review groups to "provide adequate

due process protection to the physician subjected to review, . . . the HCQIA does not expressly

create a cause of action in favor of a physician against a professional peer review group that has

violated its due process requirements." *Id.* (citing 42 U.S.C. § 11112; *Goldsmith v. Harding*

*Hospitals, Inc.*, 762 F. Supp. 187, 188 (S.D. Ohio 1991)).

For this federal statute to provide a private right of action against Presbyterian, Plaintiff's

action must be implicitly sanctioned by the HCQIA, and satisfy the United States Supreme Court's

four part test:

> (1) whether the plaintiff is a member of the class for whose special benefit of the
> statute was enacted; (2) whether there is any indication of legislative intent, explicit
> or implicit, to create or deny a remedy; (3) whether it would be consistent with the
> underlying purposes of the legislative scheme to imply a remedy; and (4) whether the
> cause of action is one traditionally relegated to state law in an area basically the
> concern of the states, so that it would be inappropriate to infer a cause of action
> based solely on federal law.

*Goldsmith v. Harding Hospitals, Inc.*, 762 F. Supp. 187, 188 (S.D. Ohio 1991) (citing *Cort v. Ash*,

422 U.S. 66, 78 (1975)); *see also Hancock*, 21 F.3d at 374.  The Tenth Circuit has weighed the *Cort*

*v. Ash* factors and "conclude[d] that Congress did not intend to create a cause of action for the

benefit of physicians to enforce provisions of the HCQIA." *Hancock*, 21 F.3d at 374.  This is

because "the HCQIA and its legislative history" reveal that the HCQIA was enacted to protect the

public's interest in quality healthcare by protecting the peer review process. *Id.* at 374-375. "Since

the court concludes that the HCQIA was not enacted to benefit physicians subject to peer review,

such as plaintiff, plaintiff cannot persuade the court that an implied cause of action exists for him

under the HCQIA." *Id.* at 375.  Indeed, each of "[t]he few courts that have addressed this issue

have arrived at the same conclusions." *Id.* at 375 (citing *Goldsmith*, 762 F. Supp. at 188; *Caine v.*
*Hardy*, 715 F. Supp. 166, 170 (S.D. Miss. 1989); *Regualos v. Community Hosp. Assoc.*, 1991 U.S.
Dist. LEXIS 11415 (W.D. Mich. Aug. 7, 1991)).   This Court should similarly conclude that the
HCQIA does not give Plaintiff a private right of action and dismiss Count III with prejudice.

### B. Plaintiff's Complaint Should Be Dismissed Without Prejudice for Plaintiff's Failure to Exhaust his Administrative Remedies

Plaintiff's remaining claims should also be dismissed, without prejudice, for Plaintiff's
failure to exhaust his administrative remedies.  "Under the exhaustion of administrative remedies
doctrine, '[w]here relief is available from an administrative agency, the plaintiff is ordinarily
required to pursue that avenue of redress before proceeding to the courts; and until that recourse is
exhausted, suit is premature and must be dismissed.'"  *U.S. West Commc'ns, Inc. v. N.M. State*
*Corp. Comm'n*, 1998-NMSC-032, ¶ 9, 125 N.M. 798, 965 P.2d 917 (quoting *Reiter v. Cooper*, 507
U.S. 258, 269 (1993)).  Furthermore, where, as here, "a claim is cognizable in the first instance by
an administrative agency alone . . . judicial interference is withheld until the administrative process
has run its course. *McDowell v. Napolitano*, 119 N.M. 1995-NMSC-029, ¶ 10, 119 N.M. 696, 895
P.2d 218.  This doctrine recognizes that "the interests of justice are best served by permitting the
agency to resolve factual issues within its peculiar expertise."  *U.S. West Commc'ns, Inc.*, 1998-
NMSC-032, ¶ 11.

Plaintiff's Complaint is based solely on the allegedly false and misleading nature of the
reports Presbyterian submitted to the NPDB as required by the HCQIA.  (*See generally* Compl.)
The HCQIA established the NPDB and placed it under the control of HHS.  *See* 42 U.S.C. §
11101(2).  "The HHS regulations governing the Data Bank provide an administrative remedial
procedure to be followed by 'any physician . . . who seeks to dispute the accuracy of information in
the Data Bank concerning himself.'"  *Bigman v. Med. Liab. Mutual Ins. Co.*, No. 95-CV-1733, 1996
U.S. Dist. LEXIS 1949, *10-11 (S.D.N.Y. Feb. 22, 1996) (quoting 45 C.F.R. § 60.14(a); 42 U.S.C.

§ 11136(2)). The first step in this administrative process, which Plaintiff has done, is for Plaintiff to place the report in "disputed status" and issue a statement contesting the report, which will be permanently affixed to the NPDB report. *See* 45 C.F.R. § 60.6(d)(2); 45 C.F.R. § 60.21(b)(1)-(2). The next step is for Plaintiff to confer with Presbyterian to attempt to "resolve the dispute." 45 C.F.R. § 60.21(b)(3). This has also occurred, and Presbyterian modified the initial report prior to the hearing. Since the hearing, Presbyterian has voluntarily voided the modified report and corrected the initial report, and there has been no attempts made by Plaintiff to meet and confer with Presbyterian regarding the current report.

If Plaintiff remains unsatisfied with the current report, Plaintiff has additional remedies with the HHS. Plaintiff has the right to request that the Secretary of HHS review the report, Plaintiff's request and supporting documents, and make a decision regarding the accuracy of the NPDB report. *See* 45 C.F.R. § 60.21(b)(3) and (c). If the Secretary "[c]oncludes that the information contained in the report is inaccurate, the Secretary will inform the subject of the determination and direct the NPDB or the reporting entity to revise the report." 45 C.F.R. §60.21(c)(2)(ii). Accordingly, Plaintiff has a mechanism to obtain the very relief that Plaintiff is seeking here – a mechanism that is required prior to filing suit. *See Bigman*, 1996 U.S. Dist. LEXIS 1949, *10-11 ("The administrative remedial procedure set forth in 45 C.F.R. §60.[21][1] must be completed before a civil suit against the reporting entity is commenced."); *see also U.S. West Commc'ns, Inc.*, 1998-NMSC-032, ¶ 9 ("Under the exhaustion of administrative remedies doctrine, '[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts.").

Plaintiff did not assert in his Complaint that he has exhausted his administrative remedies, (*see generally* Compl.), and it is undisputed that he has not. Because Plaintiff has these

---

[1] The relevant CFR section has since been re-numbered.

administrative remedies available to him, and these administrative remedies have not yet been exhausted, he cannot raise these issues before this Court. *Anbar v. Leahan*, No. 97-CV-1138, 1998 U.S. Dist. LEXIS 8704, *21-23 (E.D. Penn. June 11, 1998) (finding that it lacked jurisdiction to hear the plaintiff's claim for injunctive relief because the plaintiff had not availed himself of the administrative remedial procedure set forth in 45 C.F.R. §60.21); *see also U.S. West Commc'ns, Inc.*, 1998-NMSC-032, ¶ 9 (explaining that until a plaintiff's administrative remedy "recourse is exhausted, suit is premature and must be dismissed").

.     The few cases that have addressed this exact issue have also concluded that, "the procedure set forth at 45 C.F.R. §60.[21] is an 'administrative scheme providing for agency relief,'" and given that "[a]llowing plaintiff to bypass this procedure simply by choosing to sue the reporting entity directly would be contrary to the obvious intent of the drafters of the governing regulations," a plaintiff must completely exhaust "the administrative remedial procedure . . . before a civil suit against he report entity is commenced." *Bigman*, 1996 U.S. Dist. LEXIS 1949, *10-11; *see also Anbar*, 1998 U.S. Dist. LEXIS 8704, *21-23 (dismissing the case for lack of jurisdiction because the plaintiff had not availed himself of the administrative remedial procedure set forth in 45 C.F.R. §60.21).

Plaintiff has asked this Court to interfere with a federal administrative procedure and make a determination on the NPDB report that is properly left to HHS. This Court should decline the invitation. The only justification raised by Plaintiff for bringing this matter to the Court's attention was his claim that he would suffer irreparable injury if he did not obtain immediate relief through a temporary restraining order or preliminary injunction. Now that this request has been denied, there is no reason for this Court to decide the merits of Plaintiff's case at this juncture. Instead, longstanding New Mexico law on the exhaustion of administrative remedies would require that Plaintiff's concerns be addressed in the proper administrative forum. The administrative remedy

route is also practical, given the changing nature of Presbyterian's NPDB reporting. At this time, the reports of which Plaintiff complained in his Complaint no longer exist, and are replaced by a corrected report. After the conclusion of Presbyterian's internal appeals procedure, which commenced with the administrative hearing on August 5, 2013, the status of Plaintiff's privileges will again change, requiring yet more changes to the NPDB report. Asking this Court to involve itself in this ongoing process is something that is neither feasible nor consistent with New Mexico and federal authority on the exhaustion of administrative remedies. The Complaint must be dismissed without prejudice to allow Plaintiff to exhaust his administrative remedies before seeking to file suit in this Court.

## IV. CONCLUSION

For the foregoing reasons, Presbyterian requests that this Court dismiss Count III of Plaintiff's Complaint with prejudice for failure to state a claim and dismiss Counts I and II of Plaintiff's Complaint without prejudice for Plaintiff's failure to exhaust his administrative remedies.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Krystle A. Thomas – electronically filed*
      Bruce Hall
      Krystle A. Thomas
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing pleading to be electronically filed and served on all participants, through the Court's electronic filing system, as more fully reflected on the Notice of Electronic Filing.  I also certify that, on July 16, 2013, I delivered a copy via electronic mail as follows:

Steve Gonzales steve@nmbusinesslaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Krystle A. Thomas – electronically filed*_
        Krystle A. Thomas

8

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/7/2013 9:33:34 AM
GREGORY T. IRELAND
Gwendolen Lindquist

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JULIO SOKOLICH, M.D.,

       Plaintiff,

v.                                 Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTHCARE SERVICE,

       Defendant.

## REQUEST FOR HEARING

1.   Assigned Judge:     Hon. Shannon C. Bacon

2.   Type of Case:    Complaint for Injunctive Relief

3.   Jury: _____     Non-jury:        X

4.   Dates of hearing presently set:      None

5.   Specific matter(s) to be heard upon this request:   Defendant's Motion

    to Dismiss Verified Complaint for Injunctive Relief

6.   Estimated total time required: _____ 20 minutes

7.   Attach separate sheet(s) listing name, firm, capacity, address, and telephone number of all parties entitled to notice.

    Steve Gonzales steve@nmbusinesslaw.com

                    Respectfully submitted,

                    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                    By _____ */s/ Krystle A. Thomas – electronically filed*
                          Bruce Hall
                          Krystle A. Thomas
                    P. O. Box 1888
                    Albuquerque, NM 87103
                    Telephone: (505) 765-5900
                    *Attorneys for Defendant*

1535081.1

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing pleading to be electronically filed and served on all participants, through the Court's electronic filing system, as more fully reflected on the Notice of Electronic Filing.  I also certify that, on July 16, 2013, I delivered a copy via electronic mail as follows:

Steve Gonzales steve@nmbusinesslaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____*/s/ Krystle A. Thomas – electronically filed*___
Krystle A. Thomas

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/12/2013 3:10:20 PM
GREGORY T. IRELAND

Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JULIO SOKOLICH, M.D.,
      Plaintiff,

v.                                  Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTH SYSTEMS,
      Defendant

## JULIO SOKOLICH, M.D.'S RESPONSE IN OPPOSITION TO PRESBYTERIAN'S MOTION TO DISMISS VERIFIED COMPLAINT

COMES NOW the Plaintiff Julio Sokolich, M.D. ("Dr. Sokolich"), through his counsel, GONZALES LAW FIRM, LLC (Steven L. Gonzales), and hereby responds in opposition to Defendant Presbyterian Health Systems "("Defendant")'s Motion to Dismiss Verified Complaint for Injunctive Relief. As grounds Dr. Sokolich states that the administrative remedy is inadequate because Defendant has exclusive control over completion of the grievance process; Dr. Sokolich intends to seek leave to amend his Complaint to include claims not subject to an administrative remedy; and if Dr. Sokolich is required to first exhaust an administrative process, the better remedy is to stay his claims rather than dismiss his Complaint without prejudice. The allegations underlying Defendant's violation of the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. §§ 11101 *et seq.* support claims for breach of implied contract and the duty of good faith and fair dealing and Dr. Sokolich will seek leave to amend his Complaint to include those claims.

### I. BACKGROUND

Dr. Sokolich's claims against Presbyterian arise from Defendant's patently false reports to the National Practitioner Data Bank ("NPDB") regarding the status of Dr. Sokolich's clinical

1

privileges at Defendant's hospital. Defendant initially reported that Dr. Sokolich's clinical privileges had been permanently suspended when the suspension was merely precautionary and subject to at least three further steps of additional recommendations and review before it could possibly have been "permanent" in character. Through counsel, Dr. Sokolich repeatedly requested, orally and in writing, that Defendant take steps to correct the false report to the NPDB, but Defendant steadfastly refused to do so. Thus, Dr. Sokolich was forced to prepare a lawsuit to obtain a temporary restraining order and permanent injunction.

As the Court is well aware from having conducted a prior hearing in this case, there are only certain types of reports to the NPDB (i.e., initial, revision, correction, and void). Moreover, not all actions upon a doctor's hospital privileges are reportable to the NPDB (i.e., adverse actions of less than 30 days are not reportable). These distinctions are important in the context of the pending motion.

When Dr. Sokolich's counsel contacted Defendant's counsel to give notice of the application, Defendant's lawyers advised that Defendant had submitted a second report to the NPDB concerning Dr. Sokolich. The second report (1) identified itself as a "correction to revision," (2) contained substantially the same accusations, (3) identified the suspension as indefinite, and (4) indicated the suspension would be considered at a hearing which "will produce a recommendation from the hearing officer addressing the MEC's suspension." The second report specifically states that the reason it was modified is to reflect Dr. Sokolich's request for a hearing, and thus, Defendant has acknowledged and undertaken (in part) its duty to provide updated information concerning the state of Dr. Sokolich's suspension proceedings to the NPBD. Nevertheless, the second report overstates the nature of Dr. Sokolich's suspension and reads as a separate action against Dr. Sokolich rather than an amendment or a modification of the

2

original submission. Additionally, it falsely suggested the existence of a "revision" report, which had never been filed, thus implying there were three reports upon its filing. With Defendant causing immediate damage to him and refusing to make accurate reports to the NPDB, Dr. Sokolich accordingly filed a lawsuit for a temporary restraining order and permanent injunctive relief.

Relying on the narrow federal administrative remedy at issue in Defendant's Motion to Dismiss, Defendant effectively precluded Dr. Sokolich from obtaining a temporary restraining order at the hearing on July 17, 2013. However, following the hearing, Defendant voided its second ("correction to revision") NPDB report, and submitted a third report in which it described the suspension as indefinite and stated that a hearing would be held before a hearing officer.

Since the time Defendant submitted its most recent NPDB report pertaining to Dr. Sokolich, Hearing Officer Luis Stelzner conducted a week-long hearing with more than a dozen witnesses, and received written submissions from the parties. Mr. Stelzner issued a recommendation on August 27, 2013, and his recommendation is the operative recommendation under Defendant's bylaws. Mr. Stelzner recommended a disposition that does not constitute an adverse action reportable to the NPDB, and absent further action will require Defendant to void all NPDB reports pertaining to Dr. Sokolich. Mr. Stelzner's findings also eviscerate most of Defendant's alleged basis for Dr. Sokolich's suspension, as stated in the operative NPDB reports (i.e., the first report identifying a "permanent" suspension, and the third report identifying an "indefinite" suspension that will be reviewed by the hearing officer) which remain accessible to potential employers of Dr. Sokolich. Dr. Sokolich has requested through counsel that Defendant correct the state of the record with the NPDB to reflect Mr. Stelzner's recommendation rejecting a reportable adverse action, but Defendant has refused to do so. Put simply, Defendant's

3

inaction perpetuates the falsehood that its investigation and hearing processes has produced an operative recommendation that Dr. Sokolich's privileges be permanently suspended.

Although both parties have invoked Defendant's internal appellate process with regard to narrow aspects of Mr. Stelzner's recommendation, neither of the appeals asked for imposition of a disposition that would require an NPDB report of any kind. (i.e., the now-existing NPDB reports will have to be voided). Part II, Section 7 of Defendant's bylaws[1] (the appeal section) does not provide any time frame for the appellate body to act, and thus Defendant can delay action and argue indefinitely that an administrative process is available to Dr. Sokolich. Defendant may thus preclude Dr. Sokolich from exhausting the administrative remedy to which Defendant seeks to hold his claims hostage.

## II.    STANDARD OF REVIEW

"Dismissal on 12(B)(6) grounds is appropriate only if [the plaintiff is] not entitled to recover under any theory of the facts alleged in their complaint." Delfino v. Griffo, 2011-NMSC-015, ¶ 12, 150 N.M. 97, 257 P.3d 917.  New Mexico is a notice pleading state, and a complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id.; Rule 1-008(A)(2) NMRA.  A complaint is, therefore, sufficient when a defendant is provided with "only a fair idea of the nature of the claim asserted against [it] . . . ." Mendoza v. Tamaya Enters., Inc., 2011-NMSC-030, ¶ 16, 150 N.M. 258, 258 P.3d 1050 (internal quotation marks and citation omitted).

## III.    POINTS AND AUTHORITIES

A.    Dr. Sokolich's claims against Defendant are not subject to the exhaustion of the administrative remedies doctrine because the administrative agency cannot timely or fairly provide relief for Dr. Sokolich's claims against Defendant.

---

[1] The bylaws were admitted as an exhibit at the July 17, 2013 hearing.

As a general rule the exhaustion of administrative remedies doctrine applies only "[w]here relief is available from an administrative agency." See U.S. West Commc'ns, Inc. v. N.M. State. Corp. Comm'n, 1998-NMSC-032, ¶ 9, 125 N.M. 798, 965 P.2d 917. The doctrine is a "flexible concept tailored to the administrative statutes and circumstances" at issue in a particular case. Rogers v. Columbia/HCA of Central Louisiana, Inc., 961 F.Supp. 960, 965 (W.D. La. 1997). Franco v. Carlsbad Municipal Schools, 2001-NMCA-042, ¶ 20, 130 N.M. 543, 28 P.3d 531 held that exhaustion of administrative remedies was not required when defendant employer's conduct effectively thwarted the employee's ability to invoke her administrative remedies.

As applicable to the instant case, the Secretary of the Department of Health and Human Services ("Secretary") has very limited authority to review and correct inaccurate information reported to the NPDB. The Secretary reviews only for "accuracy of factual information and to ensure that the information was required to be reported." See Leal v. Sec'y, U.S. Dept. of Health and Human Svcs., 620 F.3d 1280, 1284 (11th Cir. 2010). A physician may initiate the review process by informing the Secretary in writing of the basis of the disagreement and providing supporting documentation; requesting the disputed information be denoted as disputed; and attempting to resolve the dispute with the reporting entity. 45 C.F.R. 60.21(b), (c). If the reporting entity declines to revise the report, the Secretary will, upon request, review written materials submitted by the parties. Id. at (b)(3). If the Secretary agrees with the physician, the Secretary will advise the reporting entity to revise the report. Id. at (c)(2)(ii).

This administrative review process cannot timely or fairly provide the relief Dr. Sokolich seeks in this case because completion of the process is within Defendant's exclusive control. Defendant has and likely will continue to preclude Dr. Sokolich from exhausting the review

5

process. Dr. Sokolich invoked the process to correct Defendant's initial report that his privileges were permanently suspended. Defendant then submitted a new report identifying Dr. Sokolich's suspension as indefinite, thereby mooting Dr. Sokolich's request for review by the Secretary. Then following the hearing on Dr. Sokolich's application for temporary restraining order, Defendant voided one of its prior reports and submitted a new report.

While Dr. Sokolich could request the Secretary review the falsity of the current NPDB report, Defendant will likely submit another report to the NPDB before or upon completion of the hospital's appeal process, which Defendant also unilaterally controls. The Hearing Officer recommended a disposition that would require Defendant to void all NPDB reports pertaining to Dr. Sokolich. Although Defendant has invoked its own internal appeal process, Defendant's appeal does not request any modification to Mr. Stelzner's recommendations that would result in a disposition requiring a final report to the NPDB. Notably, there is no prescribed timeframe wherein Defendant must take either of these actions. Should Dr. Sokolich place the current NPDB report in disputed status with the Secretary, Defendant could respond, as it has already done, by submitting a new, albeit still false, report regarding Dr. Sokolich's privileges. Such conduct would continue the administrative process and effectively preclude Dr. Sokolich from access to the Court. The Court must, therefore, reject Defendant's invitation to hold Dr. Sokolich's legal claims hostage to an administrative process that Defendant can manipulate to its advantage with impunity by denying Defendant's Motion to Dismiss based on the exhaustion of administrative remedies doctrine.

B.     Defendant's Motion to Dismiss should be denied because Dr. Sokolich will seek leave to amend his Complaint to include claims for damages that are not subject to administrative review.

The federal administrative review process, if it applies to this case, applies only to claims seeking to correct the accuracy of information reported to the NPDB. The process does not apply to claims for monetary damages arising from harms suffered as a result of Defendant's false reports. See 45 C.F.R. § 60.21 (formerly § 60.16) (prescribing process to dispute and potentially revise incorrect information reported to the NPDB); Zawislak v. Mem'l Hermann Hosp. Sys. (S.D. Tex. 2011) ("Because procedures under 45 C.F.R. § 60.16 only provide for the correction of a report, the Court does not believe that administrative exhaustion is required before Plaintiff may proceed with claims [retaliation and defamation] asserted in the instant complaint."). Defendant damaged Dr. Sokolich when it falsely reported to the NPDB that his clinical privileges were permanently and then indefinitely suspended. The most current iteration of the NPDB report also harms Dr. Sokolich because (1) it contains multiple untrue statements regarding the reasons for Dr. Sokolich's precautionary suspension, and (2) it perpetuates the false and defamatory information that current disposition of Defendant's internal processes is a recommendation that Dr. Sokolich be permanently suspended. Moreover, findings resulting from the hearing actually reject Defendant's reported basis for the suspension. Dr. Sokolich is suffering economic harm daily, and Defendant cannot escape liability for this harm by submitting a new report on its own, or at the request of the Secretary.

Since Defendant will seek leave to amend his Complaint to include justiciable claims for damages, the Court should deny Defendant's motion to dismiss Dr. Sokolich's Complaint.

III.   If the Court is inclined to require Dr. Sokolich to exhaust the administrative process, the better remedy is to stay Dr. Sokolich's claims rather than dismiss his Complaint without prejudice.

This Court may, pursuant to its inherent authority, stay Dr. Sokolich's claims pending resolution of the administrative process. "[T]he power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort." Belser v. O'Cleireachain, 2005-NMCA-73, ¶ 3, 137 N.M. 623, 114 P.3d 303. Analogous cases concerning the New Mexico Medical Malpractice Act and the mandatory medical review commission have elected to stay claims pending decision by the medical review commission rather than dismiss claims without prejudice. See id. ¶ 9 (the district court first entered stay as an alternative to dismissal before later dismissing the case without prejudice when plaintiff failed to pursue a claim with the commission); Richter v. Presbyterian Healthcare Servs., ¶ 11 (N.M. App. August 26, 2013) (district court denied this Defendant's motion to dismiss but stayed the litigation and ordered plaintiff to submit his case to the medical review commission).

No prejudice would fall upon Defendant as a result of staying this action in lieu of dismissal. If the Court requires Dr. Sokolich to exhaust an administrative remedy, the Court should stay Plaintiff's claims rather than dismiss to economize time and effort.

IV.    Allegations underlying Dr. Sokolich's claim for violation of the HCQIA form the basis of breach of implied contract and the duty of good faith and fair dealing claims that Dr. Sokolich will seek leave to add to his Complaint.

As noted above, Dr. Sokolich's Complaint was initially filed to obtain temporary injunctive relief, and he will need to amend his complaint to include claims for damages, some of which have arisen after the Complaint's filing. The court should deny Defendant's request to dismiss with prejudice Count III of his Complaint for violation of the HCQIA

Testimony from the last hearing indicated that Dr. Sokolich's relationship to Defendant is governed at least in part by Defendant's medical staff bylaws; the bylaws are part of the deal between the parties. Defendant is required to fulfill the terms and spirit of the bylaws, and by implication, the terms of the HCQIA which govern them. Defendant's failure to follow the

8

HCQIA impedes fulfillment of its contractual obligations to Dr. Sokolich.   The allegations underlying this Count provide the factual basis for claims of breach of implied contract and breach of the duty of good faith and fair dealing.   Dr. Sokolich intends to amend this count to make clear that Defendant's actions are not actionable simply because the violate the HCQIA, but rather because Defendant's actions and omissions breach the implied terms of its agreement with Dr. Sokolich, and also impede Dr. Sokolich's performance and the benefits he derives from his performance.

Dr. Sokolich asks the court to afford him the opportunity to amend his Complaint to add claims for breach of implied contract and breach of the duty of good faith and fair dealing predicated on Defendant's violation of the provisions of the HCQIA.

WHEREFORE, for the foregoing reasons, Dr. Sokolich respectfully requests the Court to deny Defendant's Motion to Dismiss Verified Complaint for Injunctive Relief and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

GONZALES LAW FIRM, LLC

By:   /S/ _____
          Steven L. Gonzales
          1307 Rio Grande Blvd. NW, Suite 8
          Albuquerque, NM 87104
          Ph. 505-200-2437

I certify that on this September 12,
2013, I served a copy of the foregoing
Response In Opposition to Motion
to Dismiss upon counsel for Defendant.

  /S/ _____
Steven L. Gonzales

9

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/3/2013 9:40:46 AM
GREGORY T. IRELAND
*Lori Lujan*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JULIO SOKOLICH, M.D.,

      Plaintiff,

v.                                   Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTHCARE SERVICE,

      Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Defendant Presbyterian Healthcare Services ("Presbyterian") submit this Reply in support of its Motion to Dismiss Verified Complaint for Injunctive Relief ("Motion") and respectfully request that the Court grant the Motion.

### A. Plaintiff Fails to Contest the Absence of a Private Right of Action Under the HCQIA

In his response, Plaintiff does not even attempt to argue that he has a private right of action under the Health Care Quality Improvement Act ("HCQIA"). Although it is undisputed that Count III of Plaintiff's complaint does not state a claim upon which relief can be granted, Plaintiff nonetheless contends that "[t]he Court should deny Defendant's request to dismiss with prejudice Count III of his Complaint for violation of the HCQIA." (Pl.'s Resp. at 8.) Plaintiff makes this argument not because he is able to state a cause of action under the HCQIA, but because Plaintiff now claims that Presbyterian's alleged violations of the HCQIA could form the basis for a breach of implied contract claim that he has not plead. Even if Plaintiff could plead this dubious claim in good faith, Plaintiff's argument is inapposite.

The issue before the Court is not whether Plaintiff could bring a breach of implied contract claim against Presbyterian. Instead, the Court is to consider the cause of action as plead. Count III

of Plaintiff's Complaint seeks injunctive relief for Presbyterian's alleged violation of the HCQIA, a claim that is not available to him as a matter of law. *See Hancock v. Blue Cross-Blue Shield of Kansas, Inc.*, 21 F.3d 373, 374 (10th Cir. 1994). Count III of Plaintiff's Complaint makes no mention of bylaws or implied contracts, and even Plaintiff appears to recognize that this claim is deficient as plead. Count III should be dismissed with prejudice.

### B. Plaintiff's Failure to Exhaust his Administrative Remedies Bars his Claims

Plaintiff does not dispute the fact that he failed to exhaust the administrative remedies, set forth in 45 C.F.R. § 60.21, that are applicable to all of the claims that he raises in his Complaint. Instead, Plaintiff argues that the doctrine of exhaustion of administrative remedies should not apply to him because he is concerned that the administrative process will be lengthy and insufficient. Plaintiff's argument is both factually and legally deficient.

Plaintiff's argument is factually deficient because he provides absolutely no factual basis for his fear that the "administrative review process cannot timely or fairly provide the relief Dr. Sokolich seeks in this case." (Pl.'s Resp. at 5.) In trying to craft a scenario that would result in a lengthy and ineffective process, Plaintiff attributes to Presbyterian unsubstantiated motives of obfuscation and delay. (*See id.* at 5-6.) The Court should reject Plaintiff's baseless accusations. As the Court well knows, Presbyterian has changed the original NPDB only twice, and both times in response to Plaintiff's complaints regarding the same. Plaintiff argued at the hearing on his request for a temporary restraining order and preliminary injunction for certain changes in the NPDB report that Presbyterian had already modified to address Plaintiff's initial concerns. Although the Court denied Plaintiff's motion, the Court noted the benefit to Presbyterian's voluntary adoption of those additional changes. Presbyterian promptly and voluntarily made those changes. Plaintiff is now attacking the very action that he clamored for in an emergency hearing, using the change to argue that Presbyterian has and will continue "to hold Dr. Sokolich's legal claims hostage to an

administrative process that Defendant can manipulate to its advantage with impunity." (*Id.* at 6.) Plaintiff's tactics should be ignored.

The Court should similarly reject out of hand Plaintiff's unsupported accusation that Presbyterian will "delay action and argue indefinitely that an administrative process is available to Dr. Sokolich," by drawing out its internal administrative process. (*Id.* at 4.) Indeed, Presbyterian's prompt response thus far to Plaintiff's invocation of its internal administrative process provides Plaintiff with no good faith basis for leveling this accusation against Presbyterian. The day before Plaintiff filed his response and made this accusation, Presbyterian sent him a notice of an appeal panel hearing. This notice was issued a mere three business days after Plaintiff lodged his appeal, and set the hearing for a week and a half later. This hearing was held just last week, and while Presbyterian should not have to respond to unfounded accusations such as these, this timeline reveals that Presbyterian has not delayed in its internal administrative process.

Plaintiff's argument that he is exempt from exhausting his administrative remedies is also legally deficient. None of the cases that Plaintiff cites stands for the proposition that exhaustion can be excused in situations like the present case. In *U.S. West Communications, Inc. v. New Mexico State Corporation Commission*, 1998-NMSC-032, 125 N.M. 798, 965 P.2d 917, the New Mexico Supreme Court found that the plaintiff had exhausted his administrative remedies by obtaining a final decision from the New Mexico State Corporation Commission, and that he did not have to attempt to obtain a waiver of this decision from the Commission prior to filing suit. *Id.* at ¶¶ 8-10. The New Mexico Supreme Court did not provide a relevant exception to the exhaustion doctrine, but instead reiterated the rule that "where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the court, and until that recourse is exhausted, suit is premature and must be dismissed." *Id.* at ¶ 9 (quoting *Reiter v. Cooper*, 507 U.S. 258, 269 (1993)). The Court also noted that, "[a]s applied in the context of an

3

administrative proceeding, the doctrine of ripeness serves 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Id.* at ¶ 8.

Similarly, the Louisiana case that Plaintiff cites fails to support his exhaustion argument. In that case, although the Louisiana court did not find that the doctrine of administrative exhaustion applied to the hospital's internal procedures because – unlike the statutory process at issue here – the court had jurisdiction over the plaintiff's antitrust claims regardless of the status of the hospital's internal procedures. *Rogers v. Columbia/HCA of Central Louisiana, Inc.*, 961 F. Supp. 960, 965-66 (W.D. La. 1997). The Court nonetheless required the plaintiff to exhaust his administrative remedies under the primary jurisdiction doctrine. *Id.* at 966-68.

The final case that Plaintiff relies upon to excuse his failure to exhaust is predicated on a finding that Presbyterian "thwarted [his] abilities to invoke and thus exhaust his administrative remedies." *Franco v. Carlsbad Mun. Schs.*, 2001-NMCA-042, ¶ 10, 130 N.M. 543, 28 P.3d 531. As explained above, there is no evidence that Presbyterian has or will thwart any administrative process. Furthermore, the *Franco* court did not base its decision on delays, but on the fact that the school board failed to notify its former custodian, who had a third or fourth grade reading ability, of his post-termination administrative rights. *See id. at* ¶¶ 13-15. That is simply not the case here, and nothing in *Franco* excuses Plaintiff from exhausting his administrative remedies.

As explained in greater detail in the Motion, the Department of Health and Human Services is the administrative agency who is charged with ensuring the accuracy of NPDB reports, and has the subject matter expertise to do so. If the NPDB report is false and misleading as Plaintiff claims, the Department has the authority to require Presbyterian to revise the report. *See* 45 C.F.R. § 60.21.

4

Because Plaintiff has statutorily-created administrative remedies available to provide him with the relief that he is seeking, he is required to exhaust them prior to filing suit. *See U.S. West Commc'ns, Inc.*, 1998-NMSC-032, ¶ 9; *McDowell v. Napolitano*, 119 N.M. 1995-NMSC-029, ¶ 10, 119 N.M. 696, 895 P.2d 218. Plaintiff has identified no legally-recognized exception that applies to excuse such exhaustion, and his Complaint should therefore be dismissed.

### C. An Amendment or Stay in Lieu of Dismissal is Inappropriate in this Case

Plaintiff argues that his Complaint should not be dismissed despite his failure to exhaust both because he intends to file a motion to amend the Complaint to add additional claims and because the Court should stay the proceedings if the Court requires him to exhaust his administrative remedies. Both of these proposals are practically and legally problematic.

Neither amendment nor a stay is appropriate in this case because this Court does not have jurisdiction over Plaintiff's Complaint until he exhausts his administrative remedies. The New Mexico Supreme Court has explained that "dismiss[al]" is the remedy for such "premature" suits. *U.S. West Commc'ns, Inc.*, 1998-NMSC-032, ¶ 9 (quoting *Reiter*, 507 U.S. at 269). On numerous occasions, the New Mexico Court of Appeals has stated the general principal that a district court has no jurisdiction until administrative remedies are exhausted. *See Neff v. State*, 1993-NMCA-116, ¶ 9, 116 N.M. 240, 861 P.2d 281 ("It is generally held that one must exhaust administrative remedies before invoking the jurisdiction of the courts."); *Grand Lodge of Masons v. Taxation & Revenue Dep't*, 1987-NMCA-081, ¶ 8, 106 N.M. 179, 181, 740 P.2d 1163, 1165 ("In addition to the statutory requirement of actual controversy, case law holds that the district court does not have jurisdiction over a declaratory judgment action unless the parties have first exhausted any administrative remedies.").

Furthermore, the few cases that have addressed the statutory administrative process set forth at 45 C.F.R. §60.21 have similarly concluded that this is a jurisdictional issue. *Anbar v. Leahan*,

No. 97-CV-1138, 1998 U.S. Dist. LEXIS 8704, \*21-23 (E.D. Penn. June 11, 1998) (finding that it lacked jurisdiction to hear the plaintiff's claim for injunctive relief because the plaintiff had not availed himself of the administrative remedial procedure set forth in 45 C.F.R. §60.21); *Bigman v. Med. Liab. Mutual Ins. Co.*, No. 95-CV-1733, 1996 U.S. Dist. LEXIS 1949, \*8 (S.D.N.Y. Feb. 22, 1996) ("If a party fails to exhaust mandatory administrative remedies before brining an action, the court must dismiss the action because subject-matter jurisdiction does not exist."). Accordingly, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

Dismissing the Complaint in its entirety, without prejudice, would not preclude Plaintiff from re-filing his claims for injunctive relief under the New Mexico Unfair Practices Act and common law after these claims are exhausted. Nor would dismissal bar him from filing legally cognizable claims for damages. What dismissal will accomplish is simply what should have happened from the start – requiring Plaintiff to wait until his claims are ripe before attempting to invoke the Court's jurisdiction.

At this point Plaintiff has no claims that are ripe for adjudication. The NPDB reports that formed the basis for all of the claims in Plaintiff's Complaint no longer exist. The current NPDB report notes that Plaintiff has invoked his right to an internal hearing process, and will therefore require modification one last time once Presbyterian's Board makes the final decision regarding Dr. Sokolich's privileges.[1] Plaintiff has simply jumped the gun in filing this lawsuit. Once the Board makes a final decision regarding Plaintiff's privileges and Presbyterian revises the current NPDB report to reflect that decision, Plaintiff will have the opportunity to exercise his administrative remedies through the Department of Health and Human Services if he is dissatisfied with the report. Only after that administrative process is complete, (and only if Plaintiff remains dissatisfied with that outcome) should Plaintiff invoke the jurisdiction of this case and seek relief, whether injunctive

---

[1] The Board has yet to make this decision because the parties have both invoked their right to appeal the hearing officer's recommendation to a hearing panel, who will make a final recommendation to the Board.

or otherwise. There is no benefit to either the parties or the Court to have this improvidently filed Complaint remain on the Court's docket throughout that process.

Nor is amendment a cure. Even assuming that Plaintiff has viable claims that do not require exhaustion, allowing Plaintiff to amend his Complaint to eliminate his existing claims and replace them with viable claims creates practical difficulties. Either the amended complaint would need to be stayed pending exhaustion on the existing claims, or if litigation proceeds on the new claims, presumably Plaintiff would seek to amend his Complaint yet again after the case is well underway to re-plead the existing claims once they have been exhausted, which would serve only to create piecemeal and lengthy litigation.

For the foregoing reasons, Presbyterian requests that this Court dismiss Count III of Plaintiff's Complaint with prejudice for failure to state a claim and dismiss Counts I and II of Plaintiff's Complaint without prejudice for Plaintiff's failure to exhaust his administrative remedies.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Krystle A. Thomas – electronically filed*
        Bruce Hall
        Krystle A. Thomas
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing pleading to be electronically filed and served on all participants, through the Court's electronic filing system, as more fully reflected on the Notice of Electronic Filing.  I also certify that, on October 3, 2013, I delivered a copy via electronic mail as follows:

Steve Gonzales steve@nmbusinesslaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Krystle A. Thomas – electronically filed*
　　　Krystle A. Thomas

8

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/3/2013 9:40:46 AM
GREGORY T. IRELAND
*Lori Lujan*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JULIO SOKOLICH, M.D.,

      Plaintiff,

v.                                      Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTHCARE SERVICE,

      Defendant.

## NOTICE OF COMPLETION OF BRIEFING

Pursuant to D.N.M.LR-Civ. 7.3, Defendant Presbyterian Healthcare Service hereby notifies the Court that briefing is complete on Defendant's Motion to Dismiss Verified Complaint for Injunctive Relief, and that the entire briefing consists of the following:

1. Defendant's Motion to Dismiss Verified Complaint for Injunctive Relief filed on August 7, 2013;

2. Julio Sokolich, M.D.'s Response in Opposition to Presbyterian's Motion to Dismiss Verified Complaint filed on September 12, 2013; and

3. Defendant's Reply in Support of Its Motion to Dismiss Verified Complaint For Injunctive Relief filed on October 3, 2013.

                        Respectfully submitted,

                        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                        By      */s/ Krystle A. Thomas – electronically filed*
                                Bruce Hall
                                Krystle A. Thomas
                        P. O. Box 1888
                        Albuquerque, NM 87103
                        Telephone: (505) 765-5900
                        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing pleading to be electronically filed and served on all participants, through the Court's electronic filing system, as more fully reflected on the Notice of Electronic Filing.  I also certify that, on October 3, 2013, I delivered a copy via electronic mail as follows:

Steve Gonzales steve@nmbusinesslaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Krystle A. Thomas – electronically filed*_____
Krystle A. Thomas

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/9/2013 8:49:20 AM
GREGORY T. IRELAND
Angela Baca

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JULIO SOKOLICH, M.D.,

      Plaintiff,

v.                                    Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTHCARE SERVICE,

      Defendant.

## NOTICE OF HEARING

A hearing in this case is set before the Honorable C. Shannon Bacon as follows:

Date of hearing:   11/6/13

Time of hearing:    9:00 a.m.

Length of hearing:   45 minutes

Place of hearing:       Bernalillo County Courthouse, 400 Lomas NW,

                      Albuquerque, New Mexico 87102

Matter(s) to be heard:     Defendant's Motion to Dismiss Verified Complaint

                      THE HONORABLE  C. SHANNON BACON

                      By: *[signature]*
                      TCAA TO JUDGE BACON

*Attorneys are responsible for providing Notice of Hearing to Self-Represented Litigants and provide a Certificate of Notice thereof, at the scheduled Hearing.*

Krystle A. Thomas
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P. O. Box 1888
Albuquerque, NM 87103
(505) 765-5900
kthomas@rodey.com

Steve Gonzales
1307 Rio Grande Blvd NW Ste 8
Albuquerque, NM 87104-2690
(505) 200-2437
steve@nmbusinesslaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/14/2013 4:36:49 PM
GREGORY T. IRELAND
Sylvia Abeyta

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

JULIO SOKOLICH, M.D.,

      Plaintiff,

v.

                                  Case No. D-202-CV-2013-05662

PRESBYTERIAN HEALTHCARE SERVICE,

      Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO VACATE AND RESET HEARING

Defendant Presbyterian Healthcare Service ("Defendant") hereby moves the Court to vacate and reset the hearing in this matter currently set for November 6, 2013 at 9:00 a.m. The hearing is on Defendant's Motion to Dismiss Verified Complaint. Counsel for Defendant are unavailable on November 6, 2013. Krystle Thomas has a previously scheduled out-of-town conference and Bruce Hall is scheduled to mediate another matter on that date. Accordingly, the parties agree that the hearing date for the motion should be vacated and reset at the Court's earliest convenience thereafter.

Counsel for Plaintiff Julio Sokolich, M.D. has been contacted and concurs in the granting of the motion.

WHEREFORE, Defendant respectfully asks the Court to vacate the motion hearing on November 6, 2013, at 9:00 a.m. and reset it at the Court's earliest convenience thereafter.

                    Respectfully submitted,

                    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                    By _____ */s/ Krystle A. Thomas – electronically filed*
                          Bruce Hall
                          Krystle A. Thomas
                    P. O. Box 1888
                    Albuquerque, NM 87103
                    Telephone: (505) 765-5900
                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing pleading to be electronically filed and served on all participants, through the Court's electronic filing system, as more fully reflected on the Notice of Electronic Filing.  I also certify that, on October 3, 2013, I delivered a copy via electronic mail as follows:

Steve Gonzales steve@nmbusinesslaw.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Krystle A. Thomas – electronically filed*_____
Krystle A. Thomas

2